# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV124 LMB |
| | ) | |
| JAMES DAVIS STOOKEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. Pro se defendant Timothy Ossana, a prisoner at Arizona State Prison – Kingman, has removed this case from the Circuit Court for Ripley County, Missouri, arguing that diversity jurisdiction exists. Upon review of the case file, the Court finds that subject matter jurisdiction is lacking, and the Court will remand the case to the state court from which it was removed.

Plaintiff has filed suit against defendants to quiet title. Plaintiff alleges that he acquired title to several lots of a subdivision in Ripley County, Missouri. Plaintiff further alleges that he has a superior interest in the property than do defendants. Plaintiff is a resident of Missouri. There are five named defendants, two of whom are alleged to be residents of Missouri. Ossana is a resident of Arizona.

Ossana claims that, despite the fact that two defendants are residents of Missouri, diversity jurisdiction exists because the other defendants have been improperly and fraudulently joined in this action.

To determine whether a defendant has been fraudulently joined, the Court:

> should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and quotations omitted).

In Missouri, quiet title actions are governed by Mo. Rev. Stat. § 527.150, which states:

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Mo. Rev. Stat. § 527.150.1.

It is well settled that Missouri's quiet title statute is to be construed liberally. White v. Kentling, 134 S.W.2d 39, 44 (Mo. 1939). Under this liberal construction, "[a]ny and all rights of any litigant in and to the real estate involved may be determined in one suit." Id.; Autenrieth v. Bartley, 176 S.W.2d 546, 550 (Mo. App. 1943) ("The provisions of [the quiet title] statute are as broad and far reaching as language can make it.").

In this case, plaintiff has purchased several lots within a subdivision. And plaintiff has brought suit against several persons who also appear to have an interest in the property. Under Missouri law, plaintiff has at least a "colorable" cause of action against the several defendants. As a result, there is no basis for a finding that the Missouri defendants were fraudulently joined with the nonresident defendants.

Because the parties are not entirely diverse, this Court lacks subject matter over this action. Consequently, the Court is required to remand this case to state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 36th Judicial Circuit Court, Ripley County, Missouri, pursuant to 28 U.S.C. § 1447(c).

An appropriate Order of Remand shall accompany this Memorandum and Order.

Dated this 20th day of August, 2007.

                                                                UNITED STATES DISTRICT JUDGE